1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | GARY ATKINS,

12 |                                    Plaintiff,

13 |     vs.

14 | RAYMOND E. MABUS, SECRETARY OF

15 | THE NAVY

16 |                             Defendant.

CASE NO. 12cv1390-GPC-WVG

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S
COMPLAINT**

[DKT. NO. 4]

17
18

On August 27, 2012, Defendant filed a motion to dismiss Plaintiff's complaint for failure to

19 state a claim. (Dkt. No. 4.)  For the reasons set out below, the Court hereby **GRANTS** Defendant's

20 motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint for failure to state a claim.

21

## BACKGROUND

22

On June 8, 2012, Plaintiff filed the present action under the Federal Privacy Act against

23 Raymond Mabus, Secretary of the Department of the Navy, alleging improper dissemination of his

24 medical records. 5 U.S.C. §552(a). (Dkt. No. 1.) Plaintiff is the head of the Professional Development

25 at the Naval Medical Center San Diego ("NMCSD").   Plaintiff was also a patient of NMCSD, as he

26 also utilized the hospital for his medical needs.  According to Plaintiff, around June 24, 2010, Plaintiff

27 asked Lieutenant Commander Simons ("LCDR Simons"), the Division Officer for the Life

28 Support/Trauma at NMCSD, a question regarding how a co-worker could access acupuncture

treatment at NMCSD.  Simons responded, "out of the blue, that acupuncture was also 'good for counts.'"  Plaintiff alleges that "there would be no reason for Simons to make this comment other than if he were accessing Plaintiff's medical records and therefore aware of Plaintiff's medical condition." (Dkt. No. 1 at 2.)  Plaintiff alleges that this knowledge could have come through a different source, specifically from Spencer Dice, who could have disclosed the information to Simons from a Facebook account.  (Id. at 3.)

Based on these limited facts, Plaintiff alleges improper accessing and dissemination of his medical records under the Privacy Claim Act.  Plaintiff alleges failure to keep an accounting of disclosures, failure to provide lists of disclosures, and failure to establish safeguards to ensure security of records.  He further alleges that  he received downgraded employment reviews as a result of the improper disclosure of his medical records.  Plaintiff seeks relief damages and injunction relief under the Privacy Act.

## LEGAL STANDARD

### Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

**Privacy Act**

Section 552a(b) of the Privacy Act prohibits disclosure of personnel files unless certain exceptions apply. 5 U.S.C. § 552a(b). An agency's improper disclosure gives rise to a cause of action if the Privacy Act violation caused an adverse effect and the violation was willful or intentional. 5 U.S.C. § 552a(g)(1)(D); Quinn v. Stone, 978 F.2d 126, 131 (3d Cir.1992). Section 552(a)(g)(4), the "catch-all" provision provides:

> In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and(B) the costs of the action together with reasonable attorney fees as determined by the court.

The Supreme Court recently clarified that actual damages under the Privacy Act means "proven pecuniary or economic harm." Federal Aviation Administration v. Cooper, _ U.S. _, 132 S.Ct. 1441, 1453 (March 28, 2012).

## DISCUSSION

Plaintiff has failed to plead sufficient facts to state a claim under the Privacy Act. Plaintiff has brought a claim under the "catch-all" provision of the Privacy Act, and therefore he must provide evidence to support the necessary elements: (1) the information is covered by the Act as a "record" in a "system of records"; (2) the agency "disclose[d] the information; (3) the disclosure had an "adverse effect" on the plaintiff (an element which separates itself into two components: (a) an adverse effect standing requirement and (b) a causal nexus between the disclosure and the adverse effect); and (4) the disclosure was "willful or intentional." Quinn, 978 F. 131. In addition, the Plaintiff must show "actual damages." Stafford v. Social Security Administration, 437 F. Supp. 2d 1113, 117-18 (N.D. Cal. 2006); See also Doe v. Chao, 540 U.S. 614, 618 (2004). Defendants first contend that Plaintiff has failed to properly allege that the agency engaged in improper disclosure of information, but rather that Plaintiff has alleged improper *access to* his information - a claim appropriately brought under the Health Insurance Portability and

1   Accountability Act ("HIPPAA"), not the Privacy Act.  Defendants rely on <u>Cacho v. Certoff</u>, which

2   held that "a plaintiff cannot establish a prima facie claim under the Privacy Act simply by showing

3   that the agency official who disclosed a protected record should never have accessed the record in

4   the first place." <u>Cacho</u>, 2006 WL 3422548 (D.D.C. Nov. 28, 2006).  The Court in <u>Cacho</u>

5   distinguished the allegations regarding improper access of information with those involving

6   improper disclosure, and found that Plaintiff's claim would be relevant under HIPPAA.  42 U.S.C.

7   S 1320d-6 (2006) (making it an offense for a person knowingly to "obtain individually identifiable

8   health information relating to an individual" in violation of the statute).  Under HIPPAA, courts

9   have held that there is no implied right of action for private individuals.  <u>Johnson v. Quander</u>, 370

10  F.Supp.2d 79, 100 (D.D.C.2005).

11          On one hand, Defendants are correct in noting that Plaintiff has alleged improper access of

12  information.  Plaintiff states that LCDR Simons had been "accessing Plaintiff's medical records"

13  and was "therefore aware of Plaintiff's medical condition." (Dkt. No. 1 at 2).  However, Plaintiff

14  also alleges that a separate NMCSD employee, Spencer Dice, may have "authorized access to

15  Plaintiff's medical information, which he could have easily have illegally disseminated to Simons."

16  (<u>Id</u>. at 3).  Plaintiff also asserts that his employment reviews were downgraded as a result of the

17  dissemination of his medical records. (<u>Id</u>. at 4.)  The complaint, while sparse on the facts, alleges

18  both improper access to information and the illegal dissemination of information, allowing the

19  Court to review the claim under the Privacy Act.

20          As a threshold matter, Plaintiff's complaint fails to plead sufficient facts to support a

21  cognizable legal theory.  Under the Iqbal framework, "to survive a motion to dismiss, a complaint

22  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

23  on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 547).

24  As stated above, Plaintiff alleges one mere primary fact: LCDR Simons told Plaintiff that

25  acupuncture treatment was "good for counts."  (Dkt. No. 1.)  Based off this statement only,

26  Plaintiff alleges improper access and dissemination of his medical records.  Plaintiff fails to

27  provide any additional facts to lead the Court to believe that the LCDR Simons statement was the

28  result of improper disclosure.  Plaintiff alternatively alleges that LCDR Simons could have

1    received the information from FaceBook; however, Plaintiff fails to offer any facts that would

2    support that conclusion.  As Plaintiff's complaint is void of sufficient facts, he is unable to

3    establish that the agency improperly disclosed his information, the second prong necessary to

4    establish a claim under the Privacy Act.  Given this primary failure, the Court finds it unnecessary

5    to further assess the additional requirements to state a claim under the Privacy Act.  Accordingly,

6    the Court finds that Plaintiff has failed to state his claim with sufficient particularity.

7         The Court hereby **GRANTS** Defendant's motion to dismiss and **DISMISSES WITHOUT**

8    **PREJUDICE** Plaintiff's complaint. Plaintiff is granted leave to file a second amended complaint

9    within thirty (30) days from the date of this order.  Accordingly, the Court hereby **VACATES** the

10   hearing on the motion to dismiss scheduled for Friday, February 15, 2013.

11        **SO ORDERED.**

12

13   DATED:  February 11, 2013

14

15                                      HON. GONZALO P. CURIEL
                                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28