# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ATKINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RAYMOND E. MABUS, SECRETARY OF THE NAVY<br><br>　　　　Defendant. | Case No.: 12-cv-1390-GPC-WVG<br><br>**ORDER GRANTING JOINT MOTION TO PERMIT FILING UNDER SEAL**<br><br>[Dkt. No. 21.] |

　　　　On February 20, 2014, the parties to this action jointly requested that they be permitted to file certain documents in support of and in opposition to Defendant's summary judgment motion under seal. (Dkt. No. 21.) Defendant has lodged two proposed sealed documents on the docket. (Dkt. No. 23.) For the reasons set forth below, the Court finds that compelling reasons support the Parties' request and **GRANTS** the joint motion. (Dkt. No. 21.)

　　　　There is a presumptive right of public access to court records based upon common law and First Amendment grounds. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597 (1978); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002). "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." See

Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted).  However, if the parties can satisfy the "compelling reason" standard outlined by the Ninth Circuit in Kamakana, the Court may seal records to protect sensitive personal or confidential information.  The need to protect medical privacy has qualified as a "compelling reason" for sealing records in connection with a dispositive motion. See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co., 2011 U.S. Dist. LEXIS 4100, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); Wilkins v. Ahern, 2010 U.S. Dist. LEXIS 110927, 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); Lombardi v. TriWest Healthcare Alliance Corp., 2009 U.S. Dist. LEXIS 41693, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

In this case, the parties request an order allowing them to file under seal documents and testimony which identify the "serious medical condition" referenced in Plaintiff's First Amended Complaint.  (Dkt. No. 10 at 2:13.)  This is an action pursuant to the Privacy Act of 1974 in which Plaintiff alleges that the Naval Medical Center San Diego failed to safeguard his medical records, and in doing so violated the Privacy Act.  Plaintiff alleges that his coworkers and supervisors became aware of his serious medical condition and used it against him in performance evaluations.  Plaintiff seeks to keep the nature of his diagnosis private.

Pursuant to the above authority, the Court finds there is a "compelling reason" to seal documents identifying the nature of Plaintiff's diagnosis.  The Court **GRANTS** the joint motion.

Accordingly, the Court hereby **ORDERS:** The Clerk of Court shall FILE UNDER SEAL the excerpts of the Deposition of Gary Atkins and the Declaration of Gary Atkins, filed by Defendant and currently lodged as proposed sealed documents at (Dkt. No. 23).

**IT IS SO ORDERED.**

DATED: June 3, 2014

HON. GONZALO P. CURIEL
United States District Judge