UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GARY ATKINS, | Case No.: 3:12-cv-01390-GPC-WVG |
| --- | --- |
| Plaintiff, | **ORDER GRANTING GRADY AND ASSOCIATES' MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF GARY ATKINS** |
| v. | |
| RAYMOND E. MABUS, Secretary, Department of the Navy, | |
| Defendant. | [ECF No. 51.] |

On February 2, 2017, Grady and Associates, counsel of record for Plaintiff Gary Atkins ("Plaintiff"), filed a motion to withdraw as counsel of record on grounds that Plaintiff has terminated the attorney-client relationship. (Dkt. No. 51.) No opposition has been filed. The Court deems this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed Defendant's motion and the applicable law, and for the reasons set forth below, the Court **GRANTS** Grady and Associates' motion to withdraw as counsel of record for Plaintiff.

## DISCUSSION

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. *See La Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Stewart v. Boeing Co.*, No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); *Deal v. Countrywide Home Loans*, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Local Civil Rule 83.3(f)(3) also provides:

> Withdrawals. (a) A notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client. (b) A declaration pertaining to such service must be filed. Failure to make service as required by this section or to file the required declaration of service will result in a denial of the motion.

CivLR 83.3(f)(3). Here, Grady and Associates has filed a certificate of service which indicates that the motion was served on his client and to opposing counsel. (Dkt. No. 51-3.)

Rule 3-700 of the California Rules of Professional Conduct of the State Bar of California provides that an attorney may request a withdrawal if the client knowingly and freely assents to termination of the employment. Cal. R. Prof. Conduct 3-700(C)(5).

2

3:12-cv-01390-GPC-WVG

According to the motion to withdraw, Plaintiff has terminated the attorney-client relationship between himself and Grady and Associates, Plaintiff's counsel of record. (Dkt. No. 51-1.) Grady and Associates states that withdrawal should not cause undue delay, as the depositions of the key witnesses have been rescheduled due to witness unavailability. (*Id.*)

Based on the moving papers and a review of the case, the Court concludes that the withdrawal will not prejudice litigants, harm the administration of justice, or unduly delay the resolution of the case. No prejudice has been shown, as no party has opposed the motion to withdraw. Based on the above, the Court **GRANTS** Grady and Associates' motion to withdraw as counsel of record for Plaintiff.

The Clerk of the Court shall indicate on the docket that Plaintiff is now proceeding *pro se* with the following address and provide Plaintiff with a copy of this Order.

Gary Atkins
704 Marbella Circle
Chula Vista, CA 91910

**IT IS SO ORDERED.**

Dated:  February 27, 2017

Hon. Gonzalo P. Curiel
United States District Judge